**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHRISTIAN DAVID ENTO,<br><br>Plaintiff,<br><br>v.<br><br>THE STATE OF NEW JERSEY, THE STATE OF ARKANSAS, and THE STATE OF NEBRASKA,<br><br>Defendants. | No.: 22-07355-GC-TJB<br><br>**OPINION** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court upon the Complaint of Plaintiff Christian David Ento, a county jail inmate proceeding *pro se*, pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Complaint is dismissed with prejudice as to the named defendants and without prejudice as to the action generally.

## I. BACKGROUND

Plaintiff Christian David Ento is a county jail inmate proceeding pro se.[1] He originally filed this civil rights action pursuant to 42 U.S.C. § 1983 in the United States District Court for the

[1] The Court confirmed through its independent review of publicly available records maintained by the Sacramento County Sheriff's Department that Plaintiff is currently housed at the Sacramento County Main Jail, 651 I Street, Sacramento, California 95814, under inmate number 10126475. *See* Sacramento County Sheriff's Dep't, Inmate Information, https://www.sacsheriff.com (last visited June 8, 2026). The Court further notes that mail sent to Plaintiff's original address of record—Rio Cosumnes Correctional Center, 12500 Bruceville Road,

Eastern District of California on December 14, 2022, together with an application to proceed in forma pauperis ("IFP"). (ECF Nos. 1, 2.)

By order dated December 15, 2022, Magistrate Judge Barbara A. McAuliffe of the Eastern District of California determined that venue was improper and transferred the case to this Court pursuant to 28 U.S.C. § 1406(a). (ECF No. 4.) The transfer was docketed in this district on December 16, 2022. (ECF No. 5.)

On December 20, 2022, this Court denied Plaintiff's IFP application as incomplete and administratively terminated the case, directing Plaintiff that he could have the case reopened within thirty days upon submission of a complete IFP application or payment of the $402 filing fee. (ECF No. 7.) On March 6, 2025, the filing fee of $405 was received. The case is therefore reopened, and the Complaint is now before the Court for screening pursuant to 28 U.S.C. § 1915A.

In his Complaint, Plaintiff names three defendants: the State of New Jersey, the State of Arkansas, and the State of Nebraska. (ECF No. 1 at 1–2.) The Complaint's statement of claim, which is handwritten and partially legible, alleges, in substance: "criminal negligence and conspiracy as well as several counts of assault and malpractice as well as attempted murder[,] malicious prosecution[,] murder and supreme grand sabotage." (*Id.* at 3.) Plaintiff seeks monetary compensation in the amount of "one hundred and fifty trillion quintillion [sic] dollars." (*Id.*) No factual allegations are provided specifying any act or omission by any named defendant, any date or location, or any nexus between the alleged wrongs and any state actor.

---

Elk Grove, California 95757—was returned as undeliverable in January 2023, (ECF Nos. 8, 9), and directs the Clerk to serve this Opinion at the updated address set forth in the companion Order.

## II. LEGAL STANDARD

The Prison Litigation Reform Act ("PLRA") requires district courts to review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint — (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

To survive screening, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

*Pro se* pleadings are construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, even a liberal reading cannot supply essential factual allegations that are entirely absent from the pleading. *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## III. DISCUSSION

The Complaint is dismissed for at least three independent reasons. First, the named defendants—the States of New Jersey, Arkansas, and Nebraska—are immune from suit under the Eleventh Amendment. The Eleventh Amendment bars suits in federal court against a state by its own citizens or citizens of other states, unless the state has waived its immunity or Congress has abrogated it. *MCI Telecomm. Corp. v. Bell Atl.-Pa.*, 271 F.3d 491, 503 (3d Cir. 2001). Congress did not abrogate state sovereign immunity when it enacted § 1983, and nothing in the Complaint suggests that any of the three defendant states has consented to suit in federal court. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). Moreover, a state is not a "person" within the meaning of § 1983 and therefore cannot be a defendant in such an action. *Id.* at 64–65. All three defendants are thus immune, and the Complaint must be dismissed on this ground alone with prejudice. *See Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008) (leave to amend may be denied where amendment would be futile).

Second, even setting aside immunity, the Complaint fails to state a claim upon which relief may be granted. Plaintiff's claim consists entirely of a bare list of legal labels—"criminal negligence," "conspiracy," "assault," "malpractice," "attempted murder," "malicious prosecution," "murder," and "supreme grand sabotage"—unsupported by any factual allegations. Plaintiff does not identify any individual state actor, any specific act or omission, any date, any location, or any nexus between any alleged harm and any named defendant. Such "threadbare recitals" and "conclusory statements" are precisely what *Iqbal* holds insufficient to survive a motion to dismiss—and, a *fortiori*, to survive § 1915A screening. 556 U.S. at 678. Independently, the demand for "one hundred and fifty trillion quintillion [sic] dollars" is itself a basis for finding the Complaint frivolous under 28 U.S.C. § 1915A(b)(1), as it is fanciful and bears no rational

relationship to any cognizable injury. *See Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (a complaint is factually frivolous where its factual contentions are clearly baseless, fanciful, or irrational).

Third, and independent of the immunity bar, the Complaint fails on its face to satisfy the basic elements of a § 1983 claim as to any defendant, named or otherwise. Section 1983 liability requires that the challenged conduct be attributable to an identifiable individual acting under color of state law who personally directed or participated in the alleged deprivation. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("[a] defendant in a civil rights action must have personal involvement in the alleged wrongs"). Here, the Complaint does not identify any individual actor, allege any government conduct directed at Plaintiff personally, or specify any constitutional right that was violated. It names only three sovereign states as defendants — entities that, as discussed above, cannot be sued under § 1983 — and offers nothing that would permit the Court to identify a cognizable constitutional claim against any person. This deficiency is separate and distinct from the immunity bar: even if sovereign immunity could somehow be set aside, there is simply no § 1983 claim stated here. *West*, 487 U.S. at 48.

## IV. CONCLUSION

For all of the foregoing reasons, the Complaint is dismissed with prejudice as to the named defendants — the State of New Jersey, the State of Arkansas, and the State of Nebraska — pursuant to 28 U.S.C. § 1915A(b)(1) and (b)(2). Those deficiencies are legal in nature and cannot be cured by repleading against the same parties. The dismissal is without prejudice as to the action generally, conditioned upon Plaintiff filing an Amended Complaint that both names proper defendants and establishes a factual basis for venue in this district.

An appropriate Order follows.

Dated: August 17, 2026

GEORGETTE CASTNER, U.S.D.J.